```
           IN THE UNITED STATES DISTRICT COURT
               NORTHERN DISTRICT OF TEXAS
                   FORT WORTH DIVISION


NORTHWEST BANK,                §
                               §
         Plaintiff,            §
                               §
VS.                            §   NO. 4:04-CV-948-A
                               §
WORTH NATIONAL BANK,           §
                               §
         Defendant.            §
```

## MEMORANDUM OPINION
## and
## ORDER

Came on for consideration the motion of defendant, Worth National Bank, ("Worth") for summary judgment and for an award of its attorney's fees. Based on the motion, the response of plaintiff, Northwest Bank, ("Northwest") Worth's reply brief, the summary judgment record, and the applicable authorities, the court concludes that the motion for summary judgment should be granted and the motion for award of attorney's fees should be denied.

I.

Northwest's Complaint

This action is brought pursuant to 12 C.F.R. § 229.38, and "arises out of a claim of late return made by [Worth] in connection with Northwest's return of several checks which were presented on accounts with insufficient funds." Compl. at 2 ¶ V. In the complaint filed August 2, 2004,[1] Northwest asserts claims

---

[1] Northwest's complaint alleges that the checks were presented for payment in late October 2004. See Compl. at 2; see also Pl.'s
(continued...)

against Worth for (1) wrongful claim of late return, (2) conversion, and (3) unjust enrichment.

## II.

## Grounds for the Motion

Worth urges in its motion for summary judgment that all of plaintiff's claims must fail because the summary judgment evidence establishes that Northwest failed to provide Worth with timely notice of nonpayment on the checks at issue in compliance with 12 C.F.R. § 229.33. Worth has also moved the court for a judgment awarding it attorney's fees against Northwest.

## III.

## Summary Judgment Principles

A party is entitled to summary judgment on all or any part of a claim as to which there is no genuine issue of material fact and as to which the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The moving party has the initial burden of showing that there is no genuine issue of material fact. Anderson, 477 U.S. at 256. The movant may discharge this burden by pointing out the absence of evidence to support one or more essential elements of the non-moving party's claim "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts

---

[1](...continued)
Resp. at 7-8. Based on the entire record, the court is convinced that the events relevant to this motion occurred in October 2003 and that the references in the complaint, as well as Northwest's response to this motion, to events in October 2004 are typographical errors.

2

immaterial." Celotex Corp. v. Catrett, 477 U.S. 317, 323-25 (1986). Once the moving party has carried its burden under Rule 56(c), the non-moving party must do more than merely show that there is some metaphysical doubt as to the material facts. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). The party opposing the motion may not rest on mere allegations or denials of pleading, but must set forth specific facts showing a genuine issue for trial. Anderson, 477 U.S. at 248, 256. To meet this burden, the nonmovant must "identify specific evidence in the record and articulate the 'precise manner' in which that evidence support[s] [its] claim[s]." Forsyth v. Barr, 19 F.3d 1527, 1537 (5th Cir. 1994). An issue is material only if its resolution could affect the outcome of the action. Anderson, 477 U.S. at 248. Unsupported allegations, conclusory in nature, are insufficient to defeat a proper motion for summary judgment. Simmons v. Lyons, 746 F.2d 265, 269 (5th Cir. 1984).

## IV.

### Undisputed Facts

The following is an overview of the evidence in the summary judgment record pertinent to the motion for summary judgment:

On October 27, 2003, Worth presented seven checks to Northwest for payment. The total value of those checks was in excess of $2,500. Because the accounts at Northwest on which the checks were drafted did not have sufficient funds to cover their amounts in full, Northwest determined that it would not remit

payment on those checks.  Because of federal banking regulations, Northwest had to provide Worth notice of nonpayment no later than 4:00 p.m. on Tuesday, October 29, 2005.

At that time, Northwest outsourced its check processing to a company called Intercept Group ("Intercept").  During the afternoon of October 29, Intercept employee Debra Moore ("Moore") attempted several times to provide Worth with the notice of nonpayment.  On each attempt, Moore dialed the same number, (817) 237-8800.  Moore's calls were never answered by a live person at Worth; instead, each call to (817) 237-8800 was answered by voice mail.  After several attempts at reaching a live person, Moore finally left a message on that number's voice mail informing Worth of the nonpayment.  Those were the only attempts made by or for Northwest to give the required notice to Worth.

The main telephone number of Worth's Lake Worth branch is (817) 237-8800.  On October 29, 2003, Worth operated a switchboard for (817) 237-8800 during its business hours, from 8:30 a.m. to 5:00 p.m., and all calls placed to that number during those hours were answered by a Worth receptionist.  Only after the switchboard closed at 5:00 p.m. would a call to the main number go to voice mail.

Upon receiving the returned checks from Northwest, Worth submitted a late return claim to the Federal Reserve, and the items were subsequently charged to Northwest.

V.

Analysis

4

A.   <u>Northwest's Notice of Nonpayment was Untimely</u>

   1.   <u>Applicable Law</u>

None of Northwest's claims has merit if Northwest failed to give proper notice of nonpayment to Worth.  See <u>Farm Credit Servs. of Am. v. Am. State Bank</u>, 339 F.3d 764, 772 (8th Cir. 2003).  The controlling regulation, 12 C.F.R. § 229.33, states in relevant part that:

> If a paying bank determines not to pay a check in the amount of $ 2,500 or more, it shall provide notice of nonpayment such that the notice is received by the depositary bank by 4:00 p.m. (local time) on the second business day following the banking day on which the check was presented to the paying bank.

<u>Id</u>. at (a).  Applying that regulation to this record, if the summary judgment evidence shows without dispute that the call from Intercept was made <u>after</u> 4:00 p.m. on October 29, 2003, then Worth is entitled to summary judgment.[2]

   2.   <u>Timely Notice Was Not Given</u>

The court concludes that the undisputed summary judgment evidence is that Northwest did not provide timely notice pursuant to 12 C.F.R. § 229.33.  There is no evidence in the summary judgment record that Worth was notified of the nonpayment prior

---

[2] The pertinent ground of Worth's motion for summary judgment is a contention that the summary judgment evidence will establish that timely notice of return was not given.  This memorandum opinion is written consistent with that ground of the motion.  In the summary judgment papers, Worth argues that summary judgment should be granted because Northwest failed to carry its burden of proving that it gave timely notice.  Even if the court could not conclude that Worth established as a matter of law that timely notice was not given, the court would conclude that summary judgment would be appropriate because Northwest failed to offer any summary judgment evidence that would support a finding that timely notice was given.

5

to 4:00 p.m. on October 29, 2003. And the evidence in the record supports the inference that notice was first attempted to be given after 5:00 p.m. on that date. Therefore, Northwest's claims fail.

B.   <u>Worth's Motion for Attorney's Fees</u>

Worth seeks an award of attorneys' fees. Even if Worth had legal entitlement to the recovery of attorney's fees, the summary judgment record obviously would not provide the court sufficient basis for making such an award. The court is interpreting Worth's request for recovery of attorney's fees as a submission by Worth to the court of the issue of attorney's fees to be resolved on the basis of the record now existing. The court concludes that Worth has not shown entitlement to recovery of attorney's fees.

Ordinarily, a prevailing party is not entitled to collect its attorney's fees absent explicit statutory authority. <u>See</u> <u>Key Tonic Corp. v. United States</u>, 511 U.S. 809, 819 (1994). The statute cited to by Worth, 12 C.F.R. § 229.38, makes no specific reference to awarding of attorneys fees in cases of this type.

VI.

<u>Worth's Third-Party Claims</u>

The court notes that Worth has filed a third-party complaint against third-party defendants, Longhorn Bevco & Supply, L.L.C., Danny Terrell, Eric Scott Laske, West Texas Grub and Firewater, Inc., and R. Harvey Neuman. Each one of Worth's claims against third-party defendants was predicated on a finding that Northwest

6

had provided timely notice of nonpayment.  Given the court's ruling on that issue, the court concludes that Worth's third-party complaint is now moot.

VII.

O R D E R

For the reasons stated herein,

The court ORDERS that Worth's motion for summary judgment be, and is hereby, granted and that all claims asserted by Northwest against Worth in the captioned action be, and are hereby, dismissed.

The court further ORDERS that Worth be, and is hereby, denied any recovery of attorneys' fees from Northwest.

The court further ORDERS that all claims asserted by Worth against third-party defendants be, and are hereby, dismissed without prejudice.

SIGNED February 1, 2006.

    /s/ John McBryde
JOHN McBRYDE
United States District Judge